Gregory S. Roberts (9092)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

*Attorneys for Plaintiff Scott Roberts*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| SCOTT ROBERTS, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>ACTION TARGET, INC., a Connecticut Corporation,<br><br>　　Defendant. | **THIRD AMENDED COMPLAINT**<br><br><br>Case No. 2:13-cv-00254<br><br>Judge Dee Benson |

Plaintiff Scott Roberts hereby amends his complaint and complains against Defendant Action Target, Inc. ("Action Target") as follows:

## NATURE OF CASE

Plaintiff brings this action against Action Target for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, and for unpaid wages and breach of contract under Utah State law.

## PARTIES

1.　　Plaintiff Scott Roberts ("Roberts") is an individual who resides in Utah County, Utah.

2. Defendant Action Target, Inc. ("Action Target") is a Connecticut corporation registered to do business in the State of Utah.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 621 *et seq.*, and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c)

## ADMINISTRATIVE PROCEEDINGS

5. Following his termination by Action Target, Roberts filed a timely Charge of Discrimination with the Utah Antidiscrimination and Labor Division ("UALD") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination by Action Target.

6. The EEOC issued a Right to Sue letter dated February 15, 2013, a copy of which is attached hereto as Exhibit A. Thus, all administrative prerequisites have been met.

## GENERAL ALLEGATIONS

7. In June 2004, Roberts accepted employment with Action Target and was made the Territory Manager for Action Target's North East States Territory.

8. As part of his employment with Action Target, Roberts executed an Employment Agreement (the "2004 Employment Agreement") on or about June 1, 2004, a copy of which is attached hereto as Exhibit B.

9. Under Section 2.3 of the 2004 Employment Agreement, Action Target reserved the right to change Roberts' compensation structure provided that Action Target provided due notice to Roberts with respect to any change in his compensation structure.

10. Section 3.2 of the 2004 Employment Agreement allows the prevailing party to recover any attorneys' fees they incurred in litigating claims arising under the Employment Agreement.

11. Excluding international business, Action Target has 10 sales territories, 8 of which are geographical and the other 2 are defined by the customer type (i.e., military and federal accounts). Each of these territories are 100% protected in that one Territory Manager is assigned to a specific territory and is entitled to receive the subject commissions for any sales made within their assigned territory.

12. On or about February 3, 2009, Roberts' compensation structure was changed pursuant to Section 2.3 of the 2004 Employment Agreement when Roberts executed another sales plan (the "2009 Sales Plan") offered to him by Action Target said to be effective as of January 1, 2009 (a true and correct copy of which is attached hereto and incorporated herein as Exhibit C). Under the 2009 Sales Plan, Action Target again agreed to pay Roberts' commissions on gross margin of all sales in Roberts' assigned sales territory (i.e., the Federal Territory) as follows: 5% for all non-MTR Products (i.e., custom products); and 15% for all MTR Products (i.e., off-the-shelf products).

13. On February 8, 2010, Action Target unilaterally changed the commission structure Roberts was promised under the 2009 Sales Plan pursuant to a letter dated February 8,

3

2010 (the "2010 Letter of Understanding"). (A true and correct copy of the 2010 Letter of Understanding is attached hereto and incorporated herein as Exhibit D).

14. When Action Target issued the 2010 Letter of Understanding, Roberts was still owed significant commissions under the 2009 Sales Plan (and still is owed such commissions as outlined below).

15. Under the 2010 Letter of Understanding, Action Target gave Roberts a base annual salary of $85,800.00 ($7,150.00 per month) and a $5,000.00 commission payment for every million dollars in (company wide) federal sales up to 3 million and then a $10,000.00 commission payment for every million dollars in federal sales over 3 million.

16. In addition to his base monthly salary of $7,150.00, Action Target paid Roberts $15,000.00 on June 18, 2010 and $10,000.00 on October 8, 2010 for commissions he earned under the 2010 Letter of Understanding.

17. Action Target, however, only paid the aforementioned commissions after Roberts repeatedly requested that he be paid the commissions he had earned under the 2010 Letter of Understanding.

18. By May 2011, Roberts had earned another $15,000.00 in commissions under the Letter of Understanding and was requesting payment of the same.

19. After making multiple requests for the recent commissions owed to him, Action Target fired Roberts on or about May 17, 2011.

20. Upon information and belief, Action Target fired Roberts because of his age. Leading up to this wrongful termination, Action Target continually failed to pay commissions

owed to Roberts in hopes of causing Roberts to voluntarily resign due to intolerable working conditions.

21. In fact, after learning about the difficulties Roberts was experiencing at Action Target (e.g., being treated differently when it came to promotions, not protecting his sales territory, and problems with compensation), Bruce Pyatt (an executive with Action Target) and Bill Provencher (the President of a strategic partner of Action Target) invited Roberts to attend a breakfast meeting to discuss his position at Action Target and the foregoing problems he was experiencing.

22. At this meeting, Pyatt and Provencher reminded Roberts that he was now in his sixties and stated that the reason Roberts was being treated differently by Action Target was because of his age.

23. Pyatt and Provencher further stated that Action Target had no plans to promote Roberts or to protect his sales territory because he was older and considered over the hill.

24. Moreover, Pyatt and Provencher cautioned Roberts he would be better off just accepting this situation and to roll with the punches as best as he could if he wanted to keep his job.

**FIRST CLAIM FOR RELIEF**
**(WAGE CLAIM UNDER UTAH CODE ANN. § 34-28-5)**

25. Roberts incorporates by reference the above paragraphs as if fully set forth herein.

26. Action Target terminated Roberts on May 17, 2011. At this time, Action Target owed Roberts at least $15,000.00 in commissions under the 2010 Letter of Understanding.

Action Target, in violation of Utah Code Ann. § 34-28-5(1)(a), failed to pay Roberts the commissions he was owed within 24 hours of his termination.

27. Because Action Target failed to pay the commissions it owed Roberts under the 2010 Letter of Understanding, Roberts sent a written demand to Action Target on June 3, 2011 for the unpaid commissions. (A true and correct copy of this written demand is attached hereto and incorporated herein as Exhibit E.)

28. Action Target has still refused to pay Roberts the commissions he is owed under the 2010 Letter of Understanding.

29. Consequently, under Utah Code Ann. § 34-28-5(1)(b), Roberts is entitled to recover not only the $15,000.00 in commissions he is owed, but he is also entitled to recover his base salary for the 60 days after his termination (in the amount of $14,300.00).

30. Moreover, Roberts is entitled to recover the attorneys' fees he incurs in this action under Utah Code Ann. § 34-27-1.

31. Furthermore, Roberts is also entitled to recover the attorneys' fees he incurs in this action under Section 2.3 of the 2004 Employment Agreement.

## SECOND CLAIM FOR RELIEF
### (BREACH OF 2009 SALES PLAN)

32. Roberts incorporates by reference the above paragraphs as if fully set forth herein.

33. Roberts performed all duties owed to Action Target under the 2009 Sales Plan.

34. Action Target breached the 2009 Sales Plan by failing to pay Roberts' commissions on all gross margins of all sales in Roberts' assigned sales territory (i.e., the Federal

Territory). More specifically, Action Target currently owes Roberts at least $256,609.69 in unpaid commissions under the 2009 Sales Plan.

35. On July 13, 2011, Roberts sent a written demand to Action Target for the outstanding commissions owed under the 2009 Sales Plan.

36. Action Target has still refused to pay Roberts the commissions he is owed under the 2009 Sales Plan.

37. Consequently, Roberts is entitled to recover the attorneys' fees he incurs in this action under Utah Code Ann. § 34-27-1.

38. Furthermore, Roberts is also entitled to recover the attorneys' fees he incurs in this action under Section 2.3 of the 2004 Employment Agreement.

39. As a direct and proximate result of Action Target's breach, Roberts has been damaged in an amount of not less than $256,609.69, plus attorneys' fees, as well as prejudgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
(BREACH OF 2010 LETTER OF UNDERSTANDING)

40. Roberts incorporates by reference the above paragraphs as if fully set forth herein.

41. Roberts performed all duties owed to Action Target under the 2010 Letter of Understanding.

42. Action Target breached the 2010 Letter of Understanding by failing to pay Roberts' commissions he is stilled owed under the 2010 Letter of Understanding. More specifically, Action Target currently owes Roberts $15,000 in unpaid commissions under the 2010 Letter of Understanding.

43. On July 13, 2011, Roberts sent a written demand to Action Target for the outstanding commissions owed under the 2010 Letter of Understanding.

44. Action Target has still refused to pay Roberts the commissions he is owed under the 2010 Letter of Understanding.

45. Consequently, Roberts is entitled to recover the attorneys' fees he incurs in this action under Utah Code Ann. § 34-27-1.

46. Furthermore, Roberts is also entitled to recover the attorneys' fees he incurs in this action under Section 2.3 of the 2004 Employment Agreement.

47. As a direct and proximate result of Action Target's breach, Roberts has been damaged in an amount of not less than $15,000.00, plus attorneys' fees, as well as prejudgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF
(BREACH OF NORTHWEST TERRITORY UNDERSTANDING)

48. Roberts incorporates by reference the above paragraphs as if fully set forth herein.

49. On or about October 21, 2010, Ms. Tara Johnson was terminated by Action Target as the Northwest Sales Territory Manager. At that time, Action Target asked Roberts to take over all sales and sales-related responsibilities in the Northwest Sales Territory in addition to all his work in the Federal Sales Territory.

50. In exchange, Roberts was promised by Action Target that he would receive half of the commissions from the Northwest Territory sales resulting from Roberts working any of the already ongoing sales projects as well as any new sales projects that Roberts found and/or worked by himself.

8

51. On or about January 17, 2011, Action Target asked Roberts to train Mr. Scott DeSanti as a new sales territory manager with respect to Mr. DeSanti being hired as the new Territory Manager for the Northwest Sales Territory.

52. In exchange, Roberts was promised by Action Target and Mr. DeSanti that he would receive half of all commissions derived from the Northwest Sales Territory resulting from Roberts training and working with Mr. DeSanti and for Roberts turning over new and potential sales projects to Mr. DeSanti during Roberts' sales training with Mr. DeSanti.

53. Action Target has failed to pay Roberts any of the aforementioned commissions in breach of its agreement that Roberts would receive half of the commissions resulting from his work in the Northwest Sales Territory and for his training and sales work with Mr. DeSanti in the Northwest Sales Territory.

54. As a result of Action Target's breaches of the aforementioned understanding concerning the Northwest Territory, Roberts has been damaged in an amount to be proven at trial.

55. Moreover, Roberts is entitled to recover the attorneys' fees he incurs in this action under Section 2.3 of the 2004 Employment Agreement.

### FIFTH CLAIM FOR RELIEF
(ACCOUNTING)

56. Roberts incorporates by reference the above paragraphs as if fully set forth herein.

57. Roberts is owed commissions under the 2009 Sales Plan, the 2010 Letter of Understanding, and the Northwest Territory Understanding.

58. Such commissions are based on Action Target's gross margin, projected gross margin, and all commission payment agreements and understandings of all sales in the Federal Territory from December 1, 2008 through May 17, 2011 and all sales and projected sales in the Northwest Sales Territory from October, 2010 to May 17, 2011.

59. Roberts is entitled to all accounting information evidencing the gross margin and expenses of all the subject sales, which information is in Action Target's possession.

60. Accordingly, Roberts is entitled to an order requiring Action Target to account to Roberts concerning the commissions owed to Roberts under the 2009 Sales Plans, the 2010 Letter of Understanding, and the Northwest Territory Understanding.

## SIXTH CLAIM FOR RELIEF
(UNLAWFUL HOSTILE WORK ENVIRONMENT BASED ON AGE)

68. Roberts incorporates by reference the above paragraphs as if fully set forth herein.

69. Roberts was a member of a protected class as of the time of all of the conduct complained of herein. Roberts was 61 years old when he was fired by Action Target.

70. The harassment was sufficiently severe or pervasive to alter a term, condition or privilege of Roberts's employment and create an abusive working environment.

71. Roberts suffered damages as a result of Action Target's unlawful harassment.

## SEVENTH CLAIM FOR RELIEF
(DISCRIMINATION BASED ON AGE)

72. Roberts incorporates by reference the above paragraphs as if fully set forth herein.

73. At the time of the discrimination, Roberts was over the age of 40 and therefore a member of a protected class.

74. Roberts suffered adverse employment actions, including but not limited to, his termination and Action Target's refusal to pay him compensation he was owed.

75. The adverse employment actions were because of Roberts' age and occurred under circumstances giving rise to an inference of unlawful discrimination.

76. Roberts suffered damages as a result of Action Target's unlawful discrimination.

### EIGHTH CLAIM FOR RELIEF
(UNLAWFUL RETALIATION)

77. Roberts incorporates by reference the above paragraphs as if fully set forth herein.

78. Roberts engaged in protected activity when he complained that he was not receiving compensation that he was owed.

79. Roberts was subjected to adverse employment actions, including, but not limited to, his termination and Action Target's refusal to pay him compensation he was owed.

80. A causal connection exists between Roberts' protected activity and the adverse employment actions to which Roberts was subjected, which occurred under circumstances giving rise to an inference of unlawful retaliation.

81. Roberts suffered damages because of Action Target's unlawful retaliation.

### PRAYER FOR RELIEF

WHEREFORE, Roberts prays for judgment against Action Target as follows:

A. For judgment against Action Target on Roberts' First Claim for Relief in an amount of not less than $29,300.00, plus interest, court costs, and attorneys' fees.

B. For judgment against Action Target on Roberts' Second Claim for Relief in an amount of not less than $256,609.69, plus interest, court costs, and attorneys' fees.

C. For judgment against Action Target on Roberts' Third Claim for Relief in an amount of not less than $15,000.00, plus interest, court costs, and attorneys' fees.

D. For judgment against Action Target on Roberts' Fourth Claim for Relief in an amount to be proven at trial, plus interest, court costs, and attorneys' fees.

E. For judgment requiring Action Target to account to Roberts concerning all of the commissions owed to Roberts under the 2009 Sales Plan, the 2010 Letter of Understanding, and the Northwest Territory Understanding.

F. For judgment against Action Target on Roberts' Sixth, Seventh, and Eighth Claims for Relief for back pay, reinstatement or front pay, compensatory and consequential damages, and liquidated damages, together with interest, court costs, and attorneys' fees.

G. For judgment awarding Roberts such other and further relief as the Court deems just and equitable.

### **ROBERTS' DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Roberts respectfully renews his request for a trial by jury on all issues for which a jury trial is allowed by law.

DATED this 20$^h$ day of January, 2014.

RAY QUINNEY & NEBEKER P.C.

*/s/ Gregory S. Roberts*
Gregory S. Roberts
*Attorneys for Plaintiff Scott Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2014 a true and correct copy of the foregoing **THIRD AMENDED COMPLAINT** was filed using CM/ECF which sent notification of the filing to the following:

    Mark w. Gavre
    Nicole Griffin Farrell
    PARSONS BEHLE & LATIMER
    201 South Main Street, #1800
    Salt Lake City, UT 84111

                                            /s/ Brandy Sears

1265166